## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CATARINA LETICIA GOMEZ
RIQUIAC,

    Petitioner,

v.

WARDEN/FACILITY ADMINISTRATOR
DIAMONDBACK CORRECTIONAL
FACILITY, *et al.*,

    Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CIV-26-1091-D

## <u>ORDER</u>

Petitioner Catarina Leticia Gomez Riquiac filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. [Doc. No. 1]. Petitioner is a citizen of Guatemala who entered the United States on June 5, 2018. *Id.* at p. 9. Petitioner was re-detained by the U.S. Immigration and Customs Enforcement (ICE) on or about January 5, 2026, and her removal proceedings are ongoing. *Id.* at p. 1. She is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.* at p. 1.

Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). Petitioner alleges that she has not received a bond hearing since her detention by ICE. She seeks release from custody or, alternatively, a bond hearing pursuant to § 1226(a), in which the Government bears the burden of showing she is a danger or flight risk by clear and convincing evidence.

The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 10].

1

On July 9, 2026, Judge Mitchell issued a Report and Recommendation ("Report") [Doc. No. 16], finding that Petitioner is detained under 8 U.S.C. § 1226(a), and thus entitled to a bond hearing, at which the Government should bear the burden of proof. *Id.* at p. 5-7, 14 n. 8. Judge Mitchell also found that Respondents violated Petitioner's due process rights by failing to provide her with an individualized justification for her re-detention and recommended that she be released from ICE's custody immediately. *Id*. at p. 7-12.

Pursuant to *Santillan Quiroz v. Mullin*, No. 26-6019, --- F.4th---, 2026 WL 1876709 (10th Cir. June 30, 2026) (mandate pending), Respondents do not contest the Report's finding that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a). [Doc. No. 18]. However, Respondents object to the Report's finding that the Government should have to bear the burden of proof at the bond hearing and object to the Report's finding that Petitioner's due process rights have been violated warranting her immediate release. *Id.*

Thus, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3).

The Court agrees that 8 U.S.C. § 1226(a) controls Petitioner's detention, and she is therefore entitled to a bond hearing.  *See Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 (directing district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).").

2

Given this determination, the Court declines to address Petitioner's remaining claims at this time, including her procedural due process claim. Moreover, at this time, the Court declines to place the burden on the Government to justify Petitioner's detention pending removal proceedings. *See Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026) (finding a burden shift premature where "no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to the evidentiary framework."); *see also Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (same); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) (same).

**IT IS THEREFORE ORDERED** that that the Report and Recommendation [Doc. No. 16] is **ADOPTED IN PART**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED** in part as set forth herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 24th day of July, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

3